**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  18-CR-113 |
| vs. | : | |
| PATRICIA MULLINS | : | Judge Thomas M. Rose |
| Defendant. | : | |

**DEFENDANT, PATRICIA MULLINS' MOTION TO**
**SUPPRESS EVIDENCE & STATEMENTS; REQUEST FOR HEARING**

Defendant, Patricia Mullins, (hereinafter "Ms. Mullins"), by and through counsel, hereby moves the Court to suppress any and all evidence seized from her residence, in addition to any statements she made in relation to the above-captioned matter.   As grounds for her Motion, Ms. Mullins states that the evidence seized and any statements made were obtained in violation of her Fourth and Fifth Amendment rights guaranteed by the United States Constitution.

Ms. Mullins' arrest herein resulted from her unlawful seizure, occasioned by law enforcement's unjustified entry into her residence. The officers' unlawful entry and subsequent search were not supported by a duly issued and executed search warrant or any exceptions thereto; were not pursuant to Ms. Mullins' knowledgeable or voluntary consent; were not based upon probable cause; nor were they within the scope of searches incident to a lawful arrest.

In addition, any statements attributed to Ms. Mullins were derived from the officers' unlawful entry and seizure, and absent a knowing and valid waiver of her *Miranda* rights.   Ms. Mullins submits a memorandum in support of this Motion for consideration, and requests a

1

hearing, to develop a factual basis for this Motion and, to present additional legal arguments in support thereof.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER


By s/Cheryll A. Bennett
Cheryll A. Bennett (0063671)
Assistant Federal Public Defender
1 South Main Street, Ste. 490
Dayton, Ohio 45402
(937) 225-7687
Cheryll_Bennet@fd.org

Attorney for Defendant
Patricia Mullins


## MEMORANDUM

## FACTUAL SUMMARY

On July 28, 2018, Montgomery County Sheriff Deputies Matthew Snyder and J.D. Bone forcefully entered Ms. Mullins' home; a blue and white Cirrus camper, located at 5407 Edgewater Drive.  At the time the deputies entered Ms. Mullins' home, they allege that they had observed, through the camper's window, a non-responsive white male laying on the floor, just inside the door.

The deputies forced the camper's door open and went inside.  At the time they entered, they noted that the non-responsive white male had vanished and a female now laid in his place. The deputies arrested the female and searched the camper, where they found Ms. Mullins and two

2

men in bed. The deputies also allege that they observed a sawed off shotgun, drugs and drug paraphernalia on a table to the right of the entry door.  The deputies seized and detained Ms. Mullins in the rear of a locked cruiser, where they then interrogated her.    During this interrogation, Ms. Mullins made several incriminating statements.    Although Ms. Mullins executed a Miranda rights waiver, her waiver was not knowing and voluntary.

Subsequent to their initial entry, the deputies obtained a search warrant for the camper, where they discovered additional firearms, currency and approximately 400 grams of methamphetamine.

**LAW**

Ms. Mullins' seizure, arrest, and the search of her residence were all unreasonable.   As the Supreme Court noted in *Payton v. New York*, a person's home is a place where they can retreat from government intrusion, and an individual's right to be secure therein, shall not be violated, absent exigent circumstances.   *Payton v. New York*, 445 U.S. 573, 589-90, 100 S. Ct. 1371 (1980).

Consequently, when the right to privacy must reasonably yield to the right to search, it must, as a rule, be decided by a judicial officer, not a police officer.   *Johnson v. New Hampshire*, 403 U.S. 443, 449 (1971).   The rule, while not firm, is subject to only a few specifically established and well delineated exceptions.   *Katz v. United States*, 389 U.S. 347, 357 (1967); *Jones v. United States*, 357 U.S. 493, 499 (1960).   The burden is on those seeking the exception to show the need for it.   *McDonald v. United States*, 335 U.S. 451, 456 (1948); *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

In the present case, Ms. Mullins' seizure, arrest and the search of her home were unreasonable and not supported by probable cause or any exception to the warrant requirement. Consequently, all evidence seized pursuant to such actions, must be suppressed.

In addition, any statements Ms. Mullins made should be suppressed, not only as "fruit of the poisonous tree" pursuant to *Wong Sun v. United States*, 371 U.S. 471 (1963), but also because they were not the product of a knowing or voluntary waiver of Ms. Mullins' Miranda rights.

The Fifth Amendment protects individuals from the admission of statements made during custodial interrogations where they have not been given *Miranda* warnings.  *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).    To determine whether a defendant's statements were voluntarily made, a court must ask whether, in the totality of the circumstances, law enforcement obtained the evidence by overbearing the will of the accused.  *Haynes v. Washington*, 373 U.S. 503, 513-14 (1963).  Their inquiry focuses on the: (1) conduct of law enforcement officials in creating pressure; and (2) suspect's capacity to resist that pressure.  *Mincey v. Arizona*, 437 U.S. 385, 399-401 (1978).    The government must establish, by a preponderance of the evidence, the voluntariness of an accused's statements.  *Colorado v. Connelly*, 479 U.S. 157, 168 (1985).

In order to establish that a defendant's statements resulted from coercion, a court must find that: (1) the police activity was objectively coercive; (2) the coercion was sufficient to overbear the defendant's will; and (3) the defendant's will was, in fact, overborne by the coercive police activity.  *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988).   Whether such coercion was sufficient to overbear an accused's will requires consideration of the totality of the circumstances including "age, education, and intelligence of the accused; whether the accused has been informed of her constitutional rights; the length of the questioning; the repeated and

prolonged nature of the questioning; and the use of physical punishment, such as the deprivation of food or sleep." *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994). Ms. Mullins' statements were not made knowingly, and were coercively obtained. As such, they must be suppressed.

For all the above reasons, Ms. Mullins requests that the Court suppress all evidence seized and all statements she made, in the above matter.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER


By s/Cheryll A. Bennett
Cheryll A. Bennett (0063671)
Assistant Federal Public Defender
1 South Main Street, Ste. 490
Dayton, Ohio 45402
(937) 225-7687
Cheryll_Bennet@fd.org

Attorney for Defendant
Patricia Mullins


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Dwight Keller, Assistant United States Attorney, by electronic filing, on the date of the timestamp hereon.

s/Cheryll A. Bennett
Cheryll A. Bennett